McLAIN & WEST *vs.* DENSMORE & KYLE.

When an application is made for a new trial and refused by the Court, a certificate by the presiding Judge to this fact does not amount to a certificate as to the truth of the grounds upon which the motion was made   It may be that the rule was denied, because the statements embodied in it were not in accordance with the facts which transpired in the cause.

Complaint, from Sumter county.   Tried before Judge ALLEN, at August Adjourned Term, 1859.

Densmore & Kyle brought suit against McLain & West for the recovery of $1,270 92, being the price of goods sold and delivered by defendants in error, who were merchants in Baltimore, to the plaintiffs in error, merchants in Americus.

The defendants, in the Court below, pleaded—1st, The general issue; 2d, That the account sued on had been paid off and discharged by the taking and accepting of Miller & West's notes for the amount of the debt.

On the trial, the plaintiffs proved by Thomas Mahool, by

commission, that some time previous to the date of the bill the witness was in Americus, Ga., when McLain & West gave to him an order to furnish goods mentioned in the bill. The order was forwarded by him to Samuel B. Owings. Subsequently, he had a conversation with defendants, and they acknowledged they had received the goods, and considered themselves bound to pay for them.

There was never a note or notes given to S. B. Owings for said bill of goods; he does not know of his own knowledge that defendants gave an order to plaintiffs for goods; the order was given to witness to obtain the goods for them, and the order was forwarded to S. B. Owings; he does not know of his own knowledge from whom S. B. Owings purchased them; the defendants acknowledged they had received the goods from Densmore & Kyle, and expected to pay for them; cannot recollect the precise date of the admission of defendants, as to the correctness of the bill, but thinks it was some seven or eight months after the bill; the admissions were made verbally, and not in writing.

S. B. Owings testified, by commission, that his agent, Mr. Mahool, was in Americus, Ga., a short time previous to the date of the account, and sent him, witness, an order for the goods named in the account, and requested witness to purchase the goods on account of the defendants; witness purchased them of Densmore & Kyle on account of McLain & West; has never heard defendants speak of the account, never having seen either of them; there never was a note or notes given to S. B. Owings or S. B. Owings & Co., for or on account of said goods; he is not aware that defendants gave any order except the one as stated.

Edward J. Palmer testified, by commission, that he is the clerk and book-keeper of the plaintiffs; the account is made out in witness' hand-writing; S. B. Owings called at the counting-room of plaintiffs and left the order for the goods named and charged in said account, and directed them to be charged to McLain & West, which was done; the goods were forwarded and the bill made out in defendant's name; Densmore & Kyle received the notes, as witness thinks; two notes signed by Miller & West for the amount of the account referred to; the notes were not paid, but were protested; there were not any notes given, in my knowledge, to S. B. Owings or S. B. Owings & Co., for the said bill of goods; he does

not know of any order given by McLain & West for the goods.

Thomas Mahool testified, by commission, that in the fall of 1855, the firm of McLain & West gave him an order for groceries to have filled for them in the city of Baltimore, which order he forwarded to S. B. Owings to hand over to plaintiffs to be filled; the order was filled accordingly, and McLain & West acknowledged the receipt of the same; notes were sent on to plaintiffs signed, " Miller & West;" instead of McLain & West, with whom the contract was made; witness told plaintiffs he had received the order from McLain & West, and they had better send them back; after the notes were protested, witness had a communication with McLain & West in which they admitted they were liable to pay for the goods sent to them, and that the order was from them, and not for Miller & West; he does not remember the items of the bill, nor the amount precisely, but thinks it was about the amount of the bill annexed to the interrogatories, and also about the time mentioned in the bill. In the conversation witness had with West, Miller was present; when the admission referred to was made by McLain, that he was bound for the debt, no one was present but him and witness; defendants did not say they had sent on any notes; McLain admitted to witness he was bound for the debt; it was not Miller & West that made the admission; McLain made it himself; witness was acting as agent for plaintiffs to try to make some arrangement to save the debt; is not now their agent; the bill of goods was not purchased from S. B. Owings; the order was not to Owings; witness told them he would send it to a first rate grocery house; does not remember that any name was mentioned; they were not purchased by Owings from plaintiffs; has no interest in the suit.

The account appended being a copy of the one sued on, is dated November 24, 1855, and is charged by plaintiffs to defendants.

The notes referred to are dated November 24, 1855, payable at five and seven months to Densmore & Kyle, each for $641 75; are signed by Miller and West; and protested for non-payment.

Adam R. Brown, sworn for plaintiffs, testified, that Miller & West were successors to the firm of McLain & West. He proved the insolvency of Miller & West, and that of McLain

& West; that one of the parties was considered, in the year 1856, and the first part of the year 1857, as solvent; all parties broke about that time; that McLain paid off, as witness thinks, his portion of some of the claims against the firm at fifty cents in the dollar, or his father-in-law did for him.

The jury having found for the plaintiffs, counsel for defendants moved for a new trial on the following grounds:

1st. Because the Court charged the jury that if they believed the account sued on had been paid off by the notes of Miller & West, it was no payment unless it was in proof that Miller & West's notes had been paid.

2d. Because the Court refused to charge as requested by defendants' counsel, that if the jury believed, from the evidence, that the plaintiffs had agreed to take, and did take, the Miller & West notes in payment, that the plaintiffs could not recover.

3d. Because the verdict is against law, contrary to evidence and the weight of evidence.

The Court overruled the motion, and counsel for defendants excepted.

(There was no certificate of the Judge to the bill of exceptions in this case, that the Court charged or refused to charge as complained of.)

Brown & Scarborough, for plaintiffs in error.

McCay & Hawkins, *contra.*

*By the Court*—Lumpkin, J., delivering the opinion.

There being no certificate of the Judge to the bill of exceptions in this case, that he charged or refused to charge as complained, the only ground of error left is, that the verdict was against law and contrary to evidence and the weight of evidence.

Had the verdict been for the defendants, instead of the plaintiffs, it would unquestionably have been contrary to law, because strongly and decidedly against the weight of the evidence. Indeed, it would have been without evidence. The proof establishes, conclusively, that the contract for the goods was made with McLain & West; that the order for

them was given by them, and not their successors, Miller & West; that they never received the notes of Miller & West as payment, nor agreed to do so, and that McLain & West distinctly acknowledged their liability for the goods.

The omission of the Court to certify that the grounds taken in the motion for a new trial were true, does not prejudice the plaintiffs in error in this case. The result would have been the same. But it furnishes another fit occasion to remind the bar of the necessity of taking the precaution to obtain the acknowledgment of the presiding Judge that the grounds taken on the motion for a new trial are true. Not that the motion was made upon the grounds stated in the rule, but that the statements in the grounds are true.